# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2018

Lyle W. Cayce
Clerk

No. 17-11087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ESTRADA-CORRALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-62-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Estrada-Corrales challenges the 46-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that his sentence is procedurally unreasonable because the district court did not adequately explain its reasons for rejecting his arguments for a sentence at the low end of the applicable 37-to-46-month guidelines range of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11087

Because Estrada-Corrales did not object to the sufficiency of the district court's reasons for the sentence it imposed, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). For sentences within the guidelines range, little explanation is necessary; however, when parties present nonfrivolous or legitimate reasons for imposing a different sentence, "the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Here, the district court did not plainly err with respect to the sufficiency of its explanation for the sentence it imposed. The record reflects that the court considered Estrada-Corrales's arguments for a sentence at the low end of the guidelines range, including that he essentially grew up in the United States and that his longest prior criminal sentence was one year, and it considered his request that the sentence be ordered to run concurrently with his pending state case. When imposing the 46-month sentence, the court expressly noted that it had taken into account "all of the fact[s] and circumstances," including Estrada-Corrales's admitted-to conduct, and the court stated its belief that the sentence was "sufficient, but not greater than necessary, to comply with the statutory purposes . . . of sentencing." Thus, the record reflects that the court considered all the evidence and arguments but simply found the circumstances insufficient to warrant a lesser sentence in light of the Guidelines and the 18 U.S.C. § 3553(a) factors. *See Rita*, 551 U.S. at 358-59. The district court's failure to give additional reasons does not constitute plain error. In addition, to show that the purported failure to give adequate reasons affected his substantial rights, Estrada-Corrales must show that it affected the outcome, i.e., that further explanation would have resulted in a lesser sentence. *See United States v. Martinez*, 872 F.3d 293, 303 (5th Cir. 2017); *Mondragon-Santiago*, 564 F.3d at 364-65. He makes no such showing.

AFFIRMED.